**SO ORDERED.**
**SIGNED this 11th day of February, 2019**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

/s/ Shelley D. Rucker
**Shelley D. Rucker**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
## WINCHESTER DIVISION

In re:

Sandra Darlene Nelson,                    No. 4:18-bk-14148-SDR
      Debtor                                   Chapter 13

## MEMORANDUM and ORDER

    This matter came on for hearing on January 22, 2019, upon the objection to confirmation of the debtor's chapter 13 plan filed by Frances Janet Green. [Doc. No. 34]. Mrs. Green appeared pro se, and the court heard testimony from both Mrs. Green and the debtor. Based upon the argument of counsel for the debtor, the testimony of the witnesses, and the pleadings filed in this matter, the court finds that Mrs. Green's objection will be sustained, and the court will deny confirmation of the debtor's plan. The debtor shall have ten days to file an amended plan conforming to the court's findings. Failure to do so will result in the dismissal of the case for failure to propose a plan which meets the requirements for confirmation. *See* 11 U.S.C. § 1325.

The court has jurisdiction over this core matter under 28 U.S.C. §§ 1334 and 157(b)(2)(L).

Mrs. Green holds a judgment against the debtor and her former boyfriend, Chris Frame, for amounts owed pursuant to the sale of a mobile home in which the debtor and Mr. Frame lived for several years. In December 2017, the debtor and Mr. Frame vacated the mobile home, leaving the home in disrepair. According to Mrs. Green, they left the lights, appliances, and television running, needlessly increasing the utility bills, which they had never transferred into their own names. The debtor testified that she had a turbulent romantic relationship with Mr. Frame for approximately twenty years before it ended in November 2018. The debtor explained that while Mr. Frame had supported her at times during their time together, she was no longer receiving any support from him since their relationship ended.

Mrs. Green's claim is based on amounts due to her under a sale contract with the debtor and Mr. Frame. In the late fall of 2018, she obtained a judgment and began executing on it by garnishing the debtor's wages. The garnishment prompted the debtor to file bankruptcy. Mrs. Green's objections to the debtor's proposed chapter 13 plan are as follows: (1) the plan was not proposed in good faith; (2) the debtor has more assets than she is reporting and, therefore, creditors will receive less under the plan than they would in a chapter 7; (3) the debtor has understated her household income by omitting Mr. Frame's contributions and, therefore, has not provided for the payment of all disposable income to the plan for the applicable commitment period; and (4) the debtor has committed fraud "regarding Chris Frame's assets and income." [Doc. No. 34 (citing 11 U.S.C. § 1325 (a)(3), (a)(4), (b)(1)(B)].

From the testimony the court heard, the parties' prior relationship as debtor and creditor was fraught with tensions due in large part to Mr. Frame's conduct. He apparently failed to put the utility accounts at the home in his own name during the three years he and the debtor

2

cohabitated there. He failed to maintain the property, although Mrs. Green admitted that it was not in good shape when it was purchased. The parties' negotiations in the litigation that followed seem to have been filled with misunderstandings at best and what the parties perceive as broken promises and misrepresentations at worst. In any event, the parties clearly distrust one another and feel very strongly about their positions.

The court's obligation is to determine whether the plan before it meets the requirements of the Bankruptcy Code. The court will first address Mrs. Green's objections regarding Mr. Frame's contributions to the debtor's assets and income. After hearing the debtor's testimony, the court finds her to be credible about the end of her romantic relationship with Mr. Frame. She is no longer living with him or receiving any support from him. Her income disclosures appear to be accurate. Mrs. Green did not identify any undisclosed assets to which the debtor has access that belong to Mr. Frame.

The court does have problems with the debtor's disclosures regarding her expenses after breaking up with Mr. Frame. The debtor stated in a state court pleading that her rent is $800 per month. On her bankruptcy schedules, she claims it is $650. [Sch. J, Doc. 20, at 1]. At the hearing, the debtor testified that she is living with a friend and contributing $500 per month to the household, but there is no written lease. The court questions whether there is any legal obligation at all that would permit the debtor to deduct such an expense. The court finds that based on the debtor's testimony her rent expense is overstated by at least $150 per month, and, therefore, her disposable income is also overstated.

Mrs. Green also objected that the debtor's disclosures of her assets and liabilities were not accurate. Although Mrs. Green pointed out some discrepancies in the debtor's list of liabilities, the court finds that the differences are not "vast," as Mrs. Green claimed. The debtor was credible in

3

her explanation that she used the last statement she received from a creditor to list the amount of her debts. The amounts she claimed she owed are not significantly different than what the creditors have claimed. As for her assets, the debtor provided an explanation of how she spent the $10,708 of proceeds following the sale of an inherited parcel of real estate in April of 2017. According to the debtor, she made a down payment on a new car, repaired an older one, paid funeral expenses for her daughter, and paid her own living expenses as well as those of Mr. Frame. She also paid off $3,500 in payday loans. The debtor provided a bank account statement showing she had no funds in the account at the time she filed bankruptcy. [Doc. No. 42].

The only transaction it appears that the debtor did not fully disclosed involves a 2006 Ford Escape. The debtor testified that she had repaired the vehicle with the sales proceeds from inherited real estate and then given Mr. Frame possession of the vehicle. He then placed a lien on the vehicle, and she has agreed to transfer the vehicle to him when that lien is paid off. She valued the vehicle at $3,512.50. [Sch. A/B, Doc. No. 13, at 2]. Schedule A/B does not reflect his interest [*id.*], and Schedule D shows that $600 is owed to Title Cash secured by the Escape. [Sch. D, Doc. No. 15, at 1]. The debtor exempts the Escape on Schedule C [Sch. C, Doc. No. 14, at 2], but also proposes to keep a newer 2017 Kia Forte. [Doc. No. 25, at 3]. The debtor's proposed plan makes no provision for the secured claim of Title Cash. [Doc. No. 25]. The plan payment is almost entirely for the benefit of paying for the 2017 Kia Forte. The plan proposes to pay unsecured creditors only a ten percent dividend. [*Id.* at 5]. Thus, the debtor proposes to pay very little to unsecured creditors while she gives away an asset worth approximately $3,000.

In looking at the totality of the circumstances, the court finds that debtor is not making her best effort to pay her creditors. *See* 11 U.S.C. § 1325(a)(3); *see also Metro Employees Credit Union v. Okoreeh-Baah (In re Okoreeh-Baah)*, 836 F.2d 1030, 1033 (6th Cir. 1988). The court

4

finds that the debtor's overstatement of her expenses as well as her gift of the car to a former boyfriend do not reflect good faith nor the debtor's best efforts to pay her creditors. At a minimum, it appears that the debtor should offer her creditors as much as she is willing to give away.

Accordingly, the court hereby SUSTAINS Mrs. Green's objection to confirmation [Doc. No. 34] and DENIES confirmation of the debtor's proposed chapter 13 plan. The debtor shall have ten days to file an amended plan conforming to the court's opinion. Failure to amend the plan within ten days will result in dismissal of the case without further notice or hearing.

It is so ORDERED.

# # #